**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MAJOR B. WHITLEY,

   *Plaintiff,*

  v.

SERGEANT BRUNS,
OFFICER ADAMS,
OFFICER JOHN DOE, and
CAPTAIN CODINGTON,

   *Defendants.*

Case No. 1:26-cv-25

**DENIAL OF DEFAULT**

This matter comes before the Clerk of Court to consider Plaintiff's Motion for Entry of Default, Doc. 11.

Under Federal Rule of Civil Procedure 55(a), a clerk of court must enter a party's default if the requesting party shows that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. "The clerk's function is not merely a perfunctory one. Before he can enter a default[,] he must examine the affidavits filed and satisfy himself that they meet the requirements of [Rule] 55(a)." *United States v. Herlong*, 9 F.R.D. 194, 195 (W.D.S.C. 1949). Default is proper only if there is a showing, by "affidavit or otherwise," that: (1) the party in question was properly served, (2) the time for a responsive pleading under Federal Rule of Civil Procedure 12 has elapsed, and (3) the party has not filed an answer or other responsive

pleading. With some exceptions, an answer or other responsive pleading is ordinarily due within 21 days of service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Where it appears that plaintiffs "have never properly served the defendants, … neither entry of default nor entry of default judgment would be proper." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (quoting *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 685 (N.D. Iowa 1995)). The burden is on the movant to show that a defendant was properly served under Rule 4 before default or a default judgment can be entered. *See Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 963 (M.D.N.C. 2012) (Eagles, J.) (finding that the record was insufficient to determine whether a party was properly served for default judgment purposes but providing the movant an opportunity to supplement the record).

Here, the Defendants have not been served. Although summonses were issued on February 10, 2026, *see* Doc. 8, there is no evidence that the United States Marshal has served them. Since the Defendants have not yet been properly served, default is not proper.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default, Doc. 11, is **DENIED**.

_____
Lawrence H. Cunningham
Clerk of Court

Dated: March 18, 2026
Greensboro, North Carolina

2